CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

GEORGE O. HAGEMAN (CABN 332457)
Assistant United States Attorney

    60 South Market, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5044
    George.Hageman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.: 5:11-CR-00355-EJD-26 |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENSE MOTION FOR FURTHER COMPETENCY EXAMINATION AND SECOND HEARING |
| v. | |
| ROBERTO MARTINEZ, | |
| Defendant. | |

## I.  INTRODUCTION

The United States opposes the defense motion for a *seventh* competency examination and competency hearing. This case was charged in 2011 and the defendant has been going through federal competency proceedings since 2019. It is now June 2025. The most recent iteration of those proceedings as recently as January 2025 found him competent to stand trial, competent to participate, understand, and to assist counsel, and specifically competent to understand the nature and consequences of a possible plea agreement and to decide whether to accept such agreement or proceed to trial. *See* Dkt. 1550. The Court also found "no further evaluations necessary." *See id.* Granting yet another competency examination and yet another competency hearing, when the defendant's mental issues (i.e. difficulty in making decisions) appear to be the same as before, would further delay this already long-delayed trial.

1

## II. PROCEDURAL HISTORY

The defendant has been evaluated six times since 2011, including five times pursuant to federal court orders, and twice within the last 13 months. A state court-ordered evaluation in August 2012 by Dr. Ubaldo Sanchez found him competent. *See See* Dkt. 1486-3 at 4. A federal court-ordered evaluation in April 2019 by Dr. Paul Good found him not competent. *See id.* An evaluation in August 2019 by Dr. Tiffany Smith found him competent. *See* Dkt. 1531-3. An evaluation in January 2021 by Dr. Paul Good found him competent. *See* Dkt. 1486-3 at 4–5. An evaluation in May 2024 by Dr. Tiffany Smith found him competent. *See* Dkt. 1486-3. An evaluation in October 2024 by Dr. Tiffany Smith found him competent. *See* Dkt. 1525. On December 5, 2024, the Court held a mental competency hearing and heard testimony from Dr. Tiffany Smith, who conducted the three previous evaluations.

In summary, the defendant has been found competent in five of the six evaluations; the last time he was found not competent was back in August 2019 but that same doctor subsequently re-examined the defendant and found him competent. The most recent order by the Court in January 2025 stated:

> Based upon the substantial evidence contained within the various forensic evaluation reports from Dr. Smith and Dr. Good and the testimony of Dr. Smith, the Court finds that defendant Roberto Martinez is **not** presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a).

Dkt. 1550 at 2 (emphasis in original). The Court added that "whatever mental disabilities Mr. Martinez possesses do not impair his cognitive ability to participate, understand, and to assist counsel," and also that the defendant is specifically competent "to understand the nature and consequences of a possible plea agreement and to decide whether to accept such agreement or proceed to trial." *Id.* at 6.

## III. LEGAL STANDARD

Pursuant to 18 U.S.C. § 4241(a), either party may file a motion for a hearing to determine the defendant's mental competency. The Court shall grant the motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The hearing shall afford defendant the opportunity to confront and cross-examine witnesses who appear at the hearing. 18 U.S.C. §§ 4241(c), 4247(d).

Prior to the hearing, the Court may order a psychiatric or psychological evaluation of the defendant conducted by a licensed or certified psychiatrist or psychologist. 18 U.S.C. §§ 4241(b), 4247(b). The Court may also order a psychiatric or psychological report including the defendant's history and present symptoms, a description of the tests employed and their results, the examiner's findings, and the examiner's opinions as to diagnosis, prognosis, and whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. §§ 4241(b), 4247(c).

If, after the hearing, the Court determines by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the Court shall commit the defendant to the custody of the Attorney General. 18 U.S.C. § 4241(d). If the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings. 18 U.S.C. § 4241(e).

**IV.   ARGUMENT**

The defendant has been in competency proceedings for years. He has been found competent as recently as January 2025 based on the Court's review of two different psychologists who together conducted five separate examinations of the defendant. Nothing appears, to the government at least, to have changed since then. The defendant apparently still struggles to make decisions, but that was specifically addressed by Dr. Smith in her evaluations and by the Court in its January 2025 order:

> The Court understands that Mr. Martinez is reluctant to make decisions. However, as Dr. Smith wrote in her report ". . . Mr. Martinez not making a decision on how to proceed was due to a hesitance and reluctance rather than an *inability* to do so." Dkt. No. 1486-3 at 10 (emphasis added). Dr. Smith added that "there were no underlying mental health concerns impacting Mr. Martinez's decision-making abilities" and that "him not entering a decision regarding the proposed plea agreement appeared to be more volitional and deliberate and has served as a means for him to remain in a more favorable location." *Id.* at 11; *see also* Dkt. No. 1525 at 5 ("Mr. Martinez continued to demonstrate the ability to weigh outcomes and make decisions").

Dkt. 1550 at 5. The government is, of course, not privy to the *ex parte* declaration from defense counsel

3

documenting interactions between the defendant and his counsel since December 2024. But if the nature of the doubt still revolves around the defendant's reluctance to make decisions, that has already been addressed in prior proceedings. Yet another competency evaluation and competency hearing is unlikely to result in a different conclusion, and will only cause further delay in a case that is already 14 years old.

The defense motion cites to out-of-circuit cases for the proposition that "the statute does not state that the court may order only one psychiatric or psychological examination." Dkt. 1584 at 7–8 (citing *United States v. Williams*, No. CR-11-8022-PCT-GMS (LOA), 2013 U.S. Dist. LEXIS 105097, at *27 (D. Ariz. June 27, 2013) (quoting *United States v. Martinez-Haro*, 645 F.3d 1228, 1233 (10th Cir. 2011)); *United States v. Arendas*, 2011 U.S. Dist. LEXIS 88314, at *2 (D. Utah Aug. 9, 2011)). While true, those cases addressed requests for a *second* competency examination after a first had already been completed. Here, the defendant is asking for what would be the *seventh* competency evaluation (the sixth federal one). Courts regularly deny requests for *second* evaluations, let alone a *seventh* one. *See, e.g.*, *United States v. White*, 670 F.3d 1077, 1085 (9th Cir. 2012) (no abuse of discretion in not *sua sponte* ordering a second evaluation where judge had ample evidence of competency including four years' experience with the defendant); *United States v. Bodey*, 547 F.2d 1383, 1387 (9th Cir. 1977) (no abuse of discretion in denying request for second evaluation when prior recent evaluation found defendant competent and feigning mental illness); *United States v. Maryea*, 704 F.3d 55, 71 (1st Cir. 2013) (no abuse of discretion in not *sua sponte* ordering a second evaluation when judge had ample evidence of competency and defendant's behavior was not demonstrably different than before); *United States v. Sanchez-Ramirez*, 570 F.3d 75, 80–81 (1st Cir. 2009) (no abuse of discretion in denying request for third evaluation even though two years had elapsed since the previous competency finding); *United States v. Wilbourn*, 336 F.3d 558, 560 (7th Cir. 2003) (no abuse of discretion in denying request for second evaluation when the sole basis for the request was that he continued to demonstrate the same behavior that was already present when the court made its prior competency ruling); *United States v. Steinger*, 631 Fed. App'x 915, 922 (11th Cir. 2015) (no abuse of discretion in not *sua sponte* ordering a second evaluation when judge had ample evidence of competency); *United States v. Johnson*, 583 Fed. App'x 62, 64 (4th Cir. 2014) (no abuse of discretion in denying request for second evaluation when there was no evidence that defendant's condition had deteriorated between the first evaluation and the motion).

Of course, the government has no desire to seek trial or a plea for a defendant who is mentally incompetent under the standards set forth in 18 U.S.C. § 4241. But the defendant *has* been found competent, repeatedly, by multiple psychologists, across many years. He was found competent by this Court as recently as January 2025. His difficulties in making decisions may still be present, but that has already been addressed and incorporated into those prior competency findings.

## V.    CONCLUSION

The United States respectfully requests the Court deny the defense motion for a seventh competency examination and competency hearing. The case should proceed to trial or change of plea.

DATED: June 15, 2025                                    Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


  */s/*
GEORGE O. HAGEMAN
Assistant United States Attorney